69 F.3d 545
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Columbus GRIGSBY, Defendant-Appellant.
UNITED STATES of America, Plaintiff-Appellee,
v.
Columbus GRIGSBY, Defendant-Appellant.
 Nos. 94-50029, 94-50651.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 20, 1995.
Decided Nov. 1, 1995.
 
 1
 Before: HUG and LEAVY, Circuit Judges, and JONES,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Columbus Grigsby ("Grigsby") challenges his sentence enhancements, arguing that the district court erred: 1) by finding that he inflicted permanent, rather than serious, injury when he attacked his victim with a knife, leaving eight facial scars; and 2) by upwardly departing two levels under the sentencing guidelines for extreme conduct. We affirm.
 
 
 4
 Under the sentencing guidelines for aggravated assault, a defendant's offense level is increased by four points if the victim suffers serious bodily injury, six points for permanent or life-threatening injury, and five points if the injury is between serious and permanent. U.S.S.G. Sec. 2A2.2(b)(3).
 
 
 5
 Based on testimony from the victim and a psychologist, the district court concluded that defendant's offense level should be adjusted upward five levels because the victim "sustained obvious facial scarring that is likely to remain permanent" as well as "profound psychological injury in the form of loss of self-esteem and impairment of her mental faculties in the form of loss of concentration that is likely to be permanent." The district court's findings are supported by the record and are not clearly erroneous.
 
 
 6
 With respect to Grigsby's second argument, the Sentencing Guidelines permit the court to increase the sentence above the guideline range for extreme conduct, U.S.S.G. Sec. 5K2.8, and extreme psychological injury, U.S.S.G. Sec. 5K2.3. The district court's factual findings of aggravating circumstances of extreme conduct are not clearly erroneous, and the upward departure of two levels was not an abuse of the court's discretion. See United States v. Lira-Barraza, 941 F.2d 745, 747-51 (9th Cir.1991) (en banc).
 
 
 7
 The sentence imposed is AFFIRMED.
 
 
 
 *
 The Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3